UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x
ANNA SOLOVYOVA, individually and
on behalf of all others similarly
situated,

        Plaintiff,

                                  **MEMORANDUM AND ORDER**

      - against -                        19-CV-2996

GROSSMAN & KARASZEWSKI PLLC,

        Defendant.
-----------------------------------x
**MATSUMOTO, United States District Judge:**

        On May 21, 2019, Anna Solovyova ("plaintiff")
commenced this action on behalf of herself and those similarly
situated against Grossman & Karaszewski, PLLC ("defendant")
pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15
U.S.C. § 1692 *et seq.*, alleging that defendant violated various
provisions of the FDCPA. (*See generally* ECF No. 1, Complaint
dated 5/21/2019 ("Compl.").) Presently before this court are
the defendant's motion for summary judgment pursuant to Federal
Rule of Civil Procedure 56 ("Rule 56"), and plaintiff's cross
motion for summary judgment pursuant to Rule 56. (ECF No. 24,
Motion for Summary Judgment by Grossman & Karaszewski, PLLC
("Def. Mot."); ECF No. 27, Cross Motion for Summary Judgment by
Anna Solovyova ("Pl. Mot.").) For the reasons stated herein,
defendant's motion for summary judgment is granted as to the
first, second, third, fourth, fifth, and sixth counts in

plaintiff's complaint.  Both parties' motions for summary judgment are denied as to the seventh count.

**BACKGROUND**

## I. Factual Record

The following facts are set forth in parties' Rule 56.1 Statements of Undisputed Facts.  (*See* ECF No. 24-1, Defendant's Rule 56.1 Statement ("Def. 56.1"); ECF No. 27-1, Plaintiff's Rule 56.1 Statement ("Pl. 56.1").)  Plaintiff is a resident of Kings County, New York.  (Def. 56.1, ¶ 1; Pl. 56.1. ¶ 1.)  Defendant is a New York Professional Liability Company with a principal place of business in Erie County, New York. (Def. 56.1, ¶ 2; Pl. 56.1. ¶ 2.  Plaintiff's allegations stem from a collection letter defendant sent to plaintiff that was dated June 29, 2018.  (Pl. 56.1 at ¶ 12.) Plaintiff had a credit card account with Citibank, N.A. and the collection letter stated plaintiff owes $3,897.62.  (Def. 56.1, ¶ 4; Pl. 56.1 at ¶ 19.)

The relevant collection letter was attached to plaintiff's complaint as an exhibit.  (Compl., Ex. 1.)  The letter is on defendant's letterhead.  *Id*.  At the top right corner of the letter, it lists the defendant's attorneys.  *Id*. The second sentence of the letter states, "this office has been hired to collect the above referred balance that you owe our client," and states that plaintiff owes $3,897.62.  *Id*.  The

original creditor is listed as Citibank N.A., but the letter

lists the name of the creditor to whom the debt is owed as JHPDE

FINANCE I, LLC. ("JHPDE"). *Id*. The second paragraph of the

letter sets forth plaintiff's validation rights:

> Unless within thirty days after your receipt
> of this notice you dispute the validity of the
> debt, or any portion thereof, the debt will be
> assumed to be valid by us. If you notify us in
> writing within the thirty-day period that the
> debt, or any portion thereof, is disputed, we
> will obtain verification of the debt or a copy
> of a judgment against you and a copy of such
> verification or judgment will be mailed to you
> by us. Upon your written request within the
> thirty-day period we will provide you with the
> name and address of the original creditor, if
> different from the current creditor.

*Id*. The reverse side of the letter, states "**IMPORTANT**

**INFORMATION ABOUT CREDIT REPORTING** (emphasis in original) Please

note that a negative credit bureau report reflecting on your

credit record may be submitted to a credit reporting agency by

the current account owner if you fail to fulfill the terms of

your credit obligations." *Id*.

Plaintiff challenges the debt collection letter on the

following grounds in her complaint: The first and second counts

state that the letter fails to state the amount of debt

purportedly owed in violation of §§ 1692g(a)(1),1692e,

1692e(2)(A), and 1692e(10); the third and fourth counts state

the letter fails to identify the correct creditor to whom

plaintiff's alleged debt is purportedly owed in violation of §§

1692g(a)(2), 1692e, 1692e(2)(A), and 1692e(10); the fifth and
sixth counts state the letter's format and letterhead overshadow
the statutorily required validation notice in violation of §
1692g(b); and lastly the plaintiff states in count seven that
the letter misleads the consumer into believing that an attorney
was meaningfully involved in a review of her debt in violation
of §§ 1692e, 1692e(2)(A), 1692e(3) and 1692e(10).

## II.  Procedural History

Plaintiff commenced this action on May 21, 2019.  (*See*
Compl.)  On June 25, 2019, defendant filed an answer to the
complaint.  (ECF No. 9, Answer to Complaint.)  Magistrate Judge
Scanlon held several conferences with the parties and held a
final conference on November 21, 2019, at which time discovery
was closed on consent.  (ECF No. 18, Scheduling Order and Order
Certifying Discovery as Complete.)  On January 3, 2020, this
court held a pre-motion conference and set a briefing schedule.
(Dkt. Minute Entry and Order, 1/3/2020.)  The court informed to
the parties that in light of their decision not to seek
discovery in this action, they waived their right pursuant to
Rule 56(d) to ask the court to defer consideration of the
motions or allow the parties time to obtain affidavits or
declarations or to seek discovery.  *Id*.  On March 2, 2020, the
parties submitted their motions for summary judgment and

accompanying memoranda in support of said motions.  (*See* Def.
Mot.; Pl. Mot.)

**LEGAL STANDARD**

Summary judgment shall be granted to a movant who
demonstrates "that there is no genuine dispute as to any
material fact and the movant is entitled to judgment as a matter
of law."  Fed. R. Civ. P. 56(a).  "A fact is 'material' for
these purposes when it 'might affect the outcome of the suit
under the governing law.'"  *Rojas v. Roman Catholic Diocese of
Rochester*, 660 F.3d 98, 104 (2d Cir. 2011) (quoting *Anderson v.
Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  No genuine
issue of material fact exists "unless there is sufficient
evidence favoring the nonmoving party for a jury to return a
verdict for that party."  *Anderson*, 477 U.S. at 249.  "If the
evidence is merely colorable, or is not significantly probative,
summary judgment may be granted."  *Id.* at 249-50 (internal
citations omitted).

When bringing a motion for summary judgment, the
movant carries the burden of demonstrating the absence of any
disputed issues of material fact and entitlement to judgment as
a matter of law.  *Rojas*, 660 F.3d at 104.  In deciding a summary
judgment motion, the court must resolve all ambiguities and draw
all reasonable inferences against the moving party.  *Flanigan v.
Gen. Elec. Co.*, 242 F.3d 78, 83 (2d Cir. 2001) (citing

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,
587 (1986)).  A moving party may indicate the absence of a
factual dispute by "showing . . . that an adverse party cannot
produce admissible evidence to support the fact."  Fed. R. Civ.
P. 56(c)(1)(B).

Once the moving party has met its burden, the
nonmoving party normally "must come forward with admissible
evidence sufficient to raise a genuine issue of fact for trial
in order to avoid summary judgment."  *Jaramillo v. Weyerhaeuser
Co.*, 536 F.3d 140, 145 (2d Cir. 2008) (citing *Celotex Corp. v.
Catrett*, 477 U.S. 317, 322-23 (1986)).  Therefore, it is "[o]nly
in the rarest of cases" that "summary judgment [may] be granted
against a plaintiff who has not been afforded the opportunity to
conduct discovery."  *Hellstrom v. U.S. Dep't of Veterans
Affairs*, 201 F.3d 94, 97 (2d Cir. 2000).

## DISCUSSION

Plaintiff brought this action pursuant to the FDCPA.
"A violation under the FDCPA requires that (1) the plaintiff be
a 'consumer' who allegedly owes the debt or a person who has
been the object of efforts to collect a consumer debt, (2) the
defendant collecting the debt must be considered a 'debt
collector,' and (3) the defendant must have engaged in an act or
omission in violation of the FDCPA's requirements."  *Derosa v.
CAC Fin. Corp.*, 278 F. Supp. 3d 555, 559-60 (E.D.N.Y. 2017),

aff'd, 740 F. App'x 742 (2d Cir. 2018). The court assumes the
first two elements are true, that plaintiff is a consumer who
owes a debt or was subject to collection efforts and defendant
is a debt collector within the meaning of the statute.

Plaintiff brings this action alleging defendant
violated various subsections of Sections 1692(e) and (g) of the
FDCPA. Section 1692(e) states, in relevant part, that a "debt
collector may not use any false, deceptive, or misleading
representation or means in connection with the collection of any
debt." The subsections plaintiff alleges that defendant
violated are:

- 1692e(2)(A): The false representation of the
  character, amount, or legal status of any debt.
  (Compl. at ¶¶ 47-62, 75-97, 178-217.)

- 1692e(3): The false representation or implication
  that any individual is an attorney or that any
  communication is from an attorney. (Compl. at ¶¶
  178-217.)

- 1692e(10): The use of any false representation or
  deceptive means to collect or attempt to collect
  any debt or to obtain information concerning a
  consumer. (Compl. at ¶¶ 47-62, 75-97, 178-217.)

Plaintiff also alleges that defendant violated Section
1692g(a), which provides that the defendant's collection letter
must contain the following information:

(1) the amount of the debt; (2) the name of
the creditor to whom the debt is owed; (3) a
statement that unless the consumer, within
thirty days after receipt of the notice,
disputes the validity of the debt, or any

7

portion thereof, the debt will be assumed to
be valid by the debt collector; (4) a
statement that if the consumer notifies the
debt collector in writing within the thirty-
day period that the debt, or any portion
thereof, is disputed, the debt collector
will obtain verification of the debt or a
copy of a judgment against the consumer and
a copy of such verification or judgment will
be mailed to the consumer by the debt
collector; and (5) a statement that, upon
the consumer's written request within the
thirty-day period, the debt collector will
provide the consumer with the name and
address of the original creditor, if
different from the current creditor.

"Debt collectors violate the FDCPA if they fail to

provide this information or if they provide this information but

then make other "communications" that "overshadow" parts of the

disclosure — namely, the so-called "validation notice" required

by subsections (3) through (5), which informs consumers that

they have a right to verify and dispute the debt and to receive

information about the original creditor." *Taylor v. Am.*

*Coradius Int'l, LLC*, No. 19-CV-4890, 2020 WL 4504657, at *1

(E.D.N.Y. Aug. 5, 2020).

 Plaintiff also alleges that defendant violated

Section 1692g(b), which provides as follows:

If the consumer notifies the debt collector
in writing within the thirty-day period
described in subsection (a) that the debt,
or any portion thereof, is disputed, or that
the consumer requests the name and address
of the original creditor, the debt collector
shall cease collection of the debt, or any
disputed portion thereof, until the debt

collector obtains verification of the debt
or a copy of a judgment, or the name and
address of the original creditor, and a copy
of such verification or judgment, or name
and address of the original creditor, is
mailed to the consumer by the debt
collector. Collection activities and
communications that do not otherwise violate
this subchapter may continue during the 30-
day period referred to in subsection (a)
unless the consumer has notified the debt
collector in writing that the debt, or any
portion of the debt, is disputed or that the
consumer requests the name and address of
the original creditor. Any collection
activities and communication during the 30-
day period may not overshadow or be
inconsistent with the disclosure of the
consumer's right to dispute the debt or
request the name and address of the original
creditor.

"In th[e Second] Circuit, the question of whether a
communication complies with the FDCPA is determined from the
perspective of the 'least sophisticated consumer.'" *Jacobson v.
Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008)
(quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993)).
"The purpose of the least-sophisticated-consumer standard, here
as in other areas of consumer law, is to ensure that the statute
protects the gullible as well as the shrewd." *Id*. But, "[e]ven
in 'crafting a norm that protects the naive and the credulous,'"
courts "have 'carefully preserved the concept of
reasonableness.'" *Id*.

I.   **The Amount of Alleged Debt and Identification of the
     Creditor (Counts 1, 2, 3, and 4)**

Plaintiff asserts that defendant violated Sections 1692e, 1692e(2)(A), 1692e(10), 1692g(a)(1), and 1692g(a)(2) because "plaintiff does not owe any monies to JHPDE Finance I, LLC and [JHPDE] is not the creditor to whom any alleged debt is owed," and "plaintiff was never notified by Citibank that the account was going to be sold." (ECF No. 27-3, Motion for Summary Judgment.) Defendant rebuts this assertion by contending that "it is unequivocal that the Letter states the amount of debt and the name of the current creditor to whom it is owed." (Def. Mot. at 11.) Plaintiff further states that she "does not owe the sum of $3,897.62 on account of her Citibank card," but does not offer admissible evidence in her summary judgment submissions. (Pl. 56.1, ¶ 26.) Defendant rebuts this assertion by stating that the letter lays out plaintiff's validation rights and "if plaintiff truly disputed owing the balance and owing it to JHPDE, she could have exercised her right to validate the debt." (Def. 56.1 at ¶¶ 5-6; Def. Mot. at 11-12.) There is no evidence that plaintiff exercised her validation rights.

The letter conforms with the requirements set forth in § 1692g(a)(2) and clearly states "the name of the creditor to whom the debt is owed." Directly under the date of the letter, it states in bold letters that the "**current creditor**" is JDPDE Finance I, LLC. (Compl., Ex. 1.) The original creditor is

listed as Citibank N.A. *Id.* The first sentence of the letter states that plaintiff's "account has been sold and assigned to our client, JDHPE Finance I, I, LLC." *Id.*

First, there is no requirement under the FDCPA that the defendant notify the plaintiff of a sale of plaintiff's debt. *See Taylor v. Am. Coradius Int'l, LLC*, No. 19-CV-4890(EK)(VMS), 2020 WL 4504657, at *2 (E.D.N.Y. Aug. 5, 2020) ("there is simply no requirement in the statute that a debt-collection notice clearly describe every step in the chain of ownership that the debt travels to arrive in the current creditor's possession. Rather, the statute requires identification only of 'the name of the creditor to whom the debt is owed.'"); *see also Dennis v. Niagara Credit Sols., Inc.*, 946 F.3d 368, 371 (7th Cir. 2019)("§ 1692g(a)(2) does not require such a detailed explanation of the transactions leading to the debt collector's notice. Rather, it requires clear identification of the current creditor.") This case is unlike those in the Second Circuit finding violations of 1692g(a)(2) because the letters in those cases did not clearly identify the creditor. *See, e.g., Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-cv-3549, 2016 WL 4148330, at *11-12 (E.D.N.Y. Aug. 4, 2016) (naming an entity in the letter's "caption" without further explanation of the entity's role); *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15-cv-4356, 2016 WL 6069180, at *4 (E.D.N.Y.

11

Oct. 17, 2016) (same); *Eun Joo Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482, 487 (E.D.N.Y. 2013)(same).

As to the plaintiff's first count, pursuant to Section 1692g(a)(1), that "she does not owe the sum of $3,897.62 on account of her Citibank card," this court finds plaintiff's declaration that "she does not believe that amount is correct" fails to create a genuine dispute as to this material fact. (Pl. 56.1, at ¶ 26; ECF No. 27-2, Plaintiff's Declaration at ¶¶ 13-14.) Defendant correctly argues that "plaintiff's unsubstantiated dispute of information contained in the letter does not render the Letter noncompliant with 1692g," because plaintiff could have exercised her rights under the validation notice and disputed the debt. (Def. Mot. at 11-12.) Plaintiff, however, contends that the alleged debt in the letter is incorrect because she does not owe money to JHPDE and "the amount of the alleged debt exceeds any amount(s) owed on Plaintiff's Citibank credit card." (Pl. Mot. at 10-11.) As to the first point, this court has already determined that the debt was sold to JHPDE and collection by the defendant is not a violation of the FDCPA. As to plaintiff's second point, the plaintiff bears the burden of proving that the FDCPA was violated by the defendant's letter that allegedly misstates the amount of the debt. She offers only her belief that the amount of the debt stated in the letter is incorrect, but failed to

exercise her validation rights to dispute any portion of the debt. The defendant's letter contends "in making this demand we are relying entirely on information provided by our client," including the $3,897.62 amount of the debt. (Compl., Ex.1.) The letter itself implies that Citibank informed the current creditor, JHDPE, as to the amount of debt owed by the plaintiff. Plaintiff has only provided in her Rule 56.1 statement that she "does not owe the sum of $3,897.62 on account of her Citibank card," (ECF No. 27-1, Plaintiff's Rule 56.1 Statement at ¶ 26,) and cites to her declaration that she "do[es] not believe that amount is correct." (ECF No. 27-2, Plaintiff's Declaration in Support of Summary Judgment at ¶ 14.) Plaintiff's stated belief does not create sufficient evidence from which she could prove that the amount of debt stated in the letter is incorrect. Defendant's letter stating the amount of debt, based on information provided by Citibank to JHPDE, and notifying plaintiff as to how she could seek validation of any portion of the debt, constitutes undisputed evidence that to the extent plaintiff disputed the amount of the debt, she has failed to submit evidence establishing the correct amount of the debt.

For the reasons stated, defendant's motion for summary judgment as to the third and fourth counts regarding the identity of the creditor is granted. However, plaintiff's motions for summary judgment as to first and second counts

regarding the amount of debt owed is denied and defendant's motion is granted.

## II. The Validation Notice

### (Counts 5 and 6 in the Complaint)

### A. Format Overshadows the Validation Notice (Count 6)

Plaintiff alleges that defendant has violated §1692g(b) because "the format of the letter overshadows the consumer's right to dispute the debt." (Compl. at ¶ 127.) Defendant contends that the "validation notice is conspicuously and prominently placed in a separate, standalone paragraph . . . and is not overshadowed or contradicted by other aspects of the Letter." (Def. Mot. at 12.)

This court agrees with defendant. In assessing whether the validation notice is overshadowed by the format of the letter, this court must evaluate the letter in its entirety. *See McStay v. I.C. System, Inc.*, 308 F.3d 188, 191 (2d Cir. 2002) (when read in its entirety, the least sophisticated consumer would not be confused about his validation rights, which were included on the reverse side of the letter.); *see also Saraci v. Convergent Outsourcing, Inc.*, 2019 WL 1062098, at *4 ("when the letter is read in its entirety, there is no ambiguity.").

The second paragraph of the letter clearly advises the plaintiff of her validation rights:

Unless within thirty days after your receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by us. If you notify us in writing within the thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by us. Upon your written request within the thirty-day period we will provide you with the name and address of the original creditor, if different from the current creditor.

(Compl., Ex.1.) Below the signature block, the letter states **"IMPORTANT INFORMATION CONTINUED ON THE REVERSE SIDE."** Nothing on the reverse side of the letter contradicts plaintiff's validation rights enumerated on the front side of the letter. The collection letter does not misdirect the least sophisticated consumer away from the prominently placed validation notice. Therefore, defendant's motion for summary judgment on plaintiff's Section 1692 g(b) claim regarding the validation notice is granted.

### B. Law firm's Letter Overshadows Validation Rights (Count 6)

Plaintiff alleges that the collection letter is in violation of § 1692g(b) because "the least sophisticated consumer could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless be subject to legal action" because the letter is coming from a law firm. (Compl. at ¶ 164.) Defendant correctly asserts that

"there is absolutely no reference to any legal action whatsoever in the Letter."  (Def. Mot. at 14.)

Unlike the present case, in *Park v. Forster & Garbus, LLP* the creditor, a law firm, referenced a possible lawsuit. *Park v. Forster & Garbus*, LLP, No. 19CV3621ARRST, 2019 WL 5895703, at *8 (E.D.N.Y. Nov. 12, 2019).  The court in the *Park* action, however, determined that the notion of a possible lawsuit did not create a false sense of urgency, nor did it distract the least sophisticated consumer from exercising her validation rights, and thus did not violate the FDCPA.  *Id*.  In the present case, the letter does not even reference potential legal action.  The validation notice clearly describes the plaintiff's rights, and the fact that the letter is from a law firm does not overshadow the validation notice.  *See Delfonce v. Eltman Law, P.C.*, No. 16CIV6627AMDLB, 2017 WL 639249, at *3 (E.D.N.Y. Feb. 16, 2017), aff'd, 712 F. App'x 17 (2d Cir. 2017) (the fact that the collection letter on a law firm's letterhead referenced the possibility of a lawsuit did not overshadow the validation notice.)  For the reasons stated, defendant's motion for summary judgment as to this Section 1692 g (b) claim is granted.

### III. Meaningful Attorney Involvement (Count 7)

Plaintiff alleges in her complaint that Defendant has violated §§ 1692e, 1692e(2)(A), 1692e(10), 1692e(3), and

1692g(b) because "The least sophisticated consumer would likely assume that the attorney has been genuinely involved in the review of Plaintiff's alleged Debt prior to the letter being sent." (Compl. at ¶ 191.)  The letter states, "In making this demand we are relying entirely on information provided by our client."  (Compl. Ex.1.)  Plaintiff argues that the least sophisticated consumer "could read the letter and be reasonably led to believe that the communication was from an attorney . . . At the same time, once could read the statement that Defendant was relying entirely on information provided by his client and be under the impression that no attorney was meaningfully involve in the case."  (Pl. Mot. at 14-15.)  Defendant argues that the FDCPA was not violated because "attorneys who were employed by Defendant were meaningfully involved in the review of Plaintiff's account . . .."  (ECF No. 28, Defendant's Response to Plaintiff's Cross Motion at 14.)

     The collection letter is on Grossman & Karaszewski, PLLC letterhead.  (Compl., Ex. 1.)  Under the firm's name at the top left corner, the firm's address and telephone number appear. *Id*.  On the top right side of the letter, the attorneys and of-counsel are listed.  *Id*.  Under this list of names, the letter provides the law firm's contact information, and the email provided is "compliance@wcgrossmanlaw.com."  *Id*.  The second sentence of the letter states that "in making this demand, we

[Grossman & Karaszewski, PLLC] are relying entirely on information provided by our client." (Compl., Ex. 1.) The letter contains a signature block with Grossman & Karaszewski, PLLC. *Id*.

There is no dispute that Grossman & Karaszewski, PLLC is a law firm, or that the collection letter was "from" the law firm in the literal sense. However, some degree of attorney involvement is required before a letter is to be considered from an attorney within the meaning of the FDCPA. *Miller v. Wolpoff & Abramson, LLP,* 321 F.3d 292, 301 (2d Cir.2003); *Clomon v. Jackson*, 988 F.2d 1314, 1321 (2d Cir.1993); *Bitzko v. Weltman, Weinberg & Reis Co., LPA*, No. 117CV00458BKSDJS, 2019 WL 4602329, at *4 (N.D.N.Y. Sept. 23, 2019); *Greco v. Trauner, Cohen & Thomas*, L.L.P., 412 F.3d 360, 364 (2d Cir. 2005)("a letter sent on law firm letterhead, standing alone, does represent a level of attorney involvement to the debtor receiving the letter. And if the attorney or firm had not, in fact, engaged in that implied level of involvement, the letter is, therefore, misleading within the meaning of the FDCPA.")

Defendant argues that attorneys were meaningfully involved and that "there is nothing in the record that would suggest otherwise." (Def. Mot. at 15.) Defendant also argues that plaintiff has not met her burden to prove the elements of an FDCPA violation and plaintiff "does not even have a scintilla

18

of evidence to show a lack of meaningful attorney involvement prior to G&K sending the Letter." (Def. Mot. at 15.) Plaintiff, however, argues that she has met her burden of showing that no attorney was meaningfully involved because the letter states "in making this demand, we [Grossman & Karaszewski, PLLC] are relying entirely on information provided by our client." (Compl., Ex. 1.)

The language in the letter "suggests that the defendant sent the plaintiff this letter based solely on information provided by the creditor, without any attorney review. It implies that no attorney had 'formed an opinion about how to manage the case of the debtor to whom the letter was sent.'" *Hochhauser v. Grossman & Karaszewski, PLLC*, No. 19CV2468ARRRML, 2020 WL 2042390, at *6 (E.D.N.Y. Apr. 28, 2020); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 304 (2d Cir. 2003) ("On this undeveloped record, however, it suffices for us to hold that merely being told by a client that a debt is overdue is not enough.") Though plaintiff does provide evidence that casts doubt on the law firm's meaningful involvement, plaintiff does not offer admissible evidence that an attorney was not meaningfully involved. Neither has defendant provided evidence that there was meaningful involvement by an attorney, such as a declaration by an attorney, or by providing documentation that lawyers used their professional judgment in

19

forming an opinion about how to manage the case or making the
decision to send said letter.  *See Goins v. Brandon*, 367 F.
Supp. 2d 240, 245 (D. Conn. 2005); *Avila v. Rubin,* 84 F.3d 222,
229 (7th Cir.1996) ("The attorney letter implies that the
attorney has reached a considered, professional judgment that
the debtor is delinquent and is a candidate for legal action.
And the letter also implies that the attorney has some personal
involvement in the decision to send the letter.")  For the
reasons stated, both the plaintiff's and defendant's motions for
summary judgment are denied as to this claim.

<u>**CONCLUSION**</u>

For the reasons stated herein, defendant's motion for
summary judgment is granted as to the first, second, third,
fourth, fifth, and sixth counts in plaintiff's complaint.  Both
parties' motions for summary judgment are denied as to the
seventh count.  Specifically:

1)   As to the first and second counts, the plaintiff's
   motion for summary judgment as to the amount of debt owed
   is DENIED.  Defendant's motion for summary judgment as to
   the amount of debt owed is GRANTED.

2)   As to the third and fourth counts, defendant's motion
   for summary judgment as to the identification of the
   creditor to whom the debt is owed is GRANTED.

3)     As to the fifth and sixth counts, defendant's motion

for summary judgment as to the validation notice is

GRANTED.

4)     As to the seventh count, both parties' motions for

summary judgment as to whether an attorney was meaningfully

involved are DENIED.

The parties are advised to confer and jointly advise

the court via ECF as to how they intend to proceed by February

22, 2021.  The parties are also urged to engage in settlement

discussions and seek assistance of Magistrate Judge Vera M.

Scanlon. **SO ORDERED.**

Dated: Brooklyn, New York
       February 12, 2021

_____/s/_____
Hon. Kiyo A. Matsumoto
United States District Judge